## ALAN S. FUTERFAS
ATTORNEY AT LAW
565 FIFTH AVENUE, 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 684-8400

ELLEN B. RESNICK
MATTHEW C. MCCANN

BETTINA SCHEIN
OF COUNSEL

FACSIMILE: (212) 684-5259
asfuterfas@futerfaslaw.com

June 22, 2015

<u>Via ECF and Hand Delivery</u>
Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>United States v. Zhan Petrosyants</u>, 11 Cr 591 (S-3)(FB)

Dear Judge Block:

  This letter is respectfully submitted in connection with the sentencing of Zhan Petrosyants scheduled for June 25, 2015 at 3:00 p.m. On February 24, 2014, Mr. Petrosyants pled guilty to Count Two of the superseding indictment. In pleading promptly to the charges, he spared the government's expending additional resources and contributed to a timely resolution of this case. Mr. Petrosyants is extremely remorseful for the conduct that has brought him before the Court and accepts full responsibility for the consequences of his offense. For the reasons set forth below, and in light of the sentencing factors reflected in 18 U.S.C. § 3553(a), I respectfully ask the Court to impose a lenient sentence, including a sentence of probation.

  On February 21, 2014, Zhan Petrosyants pled guilty before Your Honor to Count Two of the indictment charging conspiracy under 18 U.S.C. § 371 to filing false currency transaction reports between May 2009 and June 2011 in violation of 31 U.S.C. § 5324. In the Plea Agreement, the parties stipulated to an offense level of 20 based on the following guidelines calculation:

| | |
|---|---|
| Base Offense Level (§2X1.1(a), 2S1.3(a)(2)) | 6 |
| Value of Funds more than $400,000 (§2S1.3(a)(2), §2B1.1(3)(1)(H)) | 14 |
| Knowledge of Illegal Source of Funds (§2S1.1(b)(1)(A)) | 2 |
| Pattern of Unlawful Activity involving more than $100,000 in a 12-month period (§2S1.3(b)(2)(B)) | 2 |
| Acceptance of Responsibility (§3E1.1(a)) | - 2 |

ALAN S. FUTERFAS

Hon. Frederic Block
June 22, 2015
Page 2

| | |
|---|---|
| Timely acceptance, on Government's motion (§3E1.1(b)) | - 1 |
| Global disposition (Paragraph 16 of Plea Agreement) | - 1 |
| TOTAL | 20 |

An offense level of 20 with a criminal history score of I[1] yields an advisory guidelines range of 37-46 months incarceration.[2] Pursuant to the Plea Agreement (¶ 6), Zhan Petrosyants also consents to the imposition of forfeiture in the amount of $667,446.08 pursuant to 31 U.S.C. § 5317 and/or pursuant to 21 USC § 853(p).

As the Court is aware, the Federal Guidelines are now advisory and constitute only one factor in the determination of an appropriate sentence. As the Supreme Court has instructed, the Court should consider the rationale behind a particular guideline calculation to determine whether it reasonably assesses the culpability of an offense in the typical case. *Kimbrough v. United States*, 128 S.Ct. 558, 574 (2007) ("it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives"), citing *Rita v. United States,* 127 S.Ct. 2456, 2464-65 (2007); see *Nelson v. United States*, 129 S.Ct. 890, 892 (2009)(Guidelines should not be presumed to be reasonable). Further, whether or not this Court agrees that the guideline offense level is an appropriate starting point in a typical case, it should nonetheless consider the non-guidelines sentencing factors, making an individualized assessment of the case-specific factors to determine whether, in a particular case, a within-Guidelines sentence is "greater than necessary" to accomplish the goals of sentencing. *Kimbrough*, 128 S.Ct. at 570, *citing* 18 U.S.C. § 3553(a).

Zhan Petrosyants pled guilty to a crime that violated the laws of this country. He deeply regrets his conduct. However, a violation of the CTR reporting requirement is an offense that

---

[1] I object to the two criminal history points reflected in the Pre-Sentence Report, dated June 14, 2012 ("PSR") at ¶¶ 57-58. Mr. Petrosyants has two prior vehicular convictions: aggravated unlicensed operation of a vehicle (2004) and driving while impaired by alcohol (2008). An offense for driving while impaired is a violation, not a crime. Each of these non-criminal convictions should be excluded from the criminal history calculation unless it can be proven that the conduct is more serious than reckless driving. *See United States v. Gonzalez-Rivera*, 2011 WL 4916395 (S.D.N.Y. 2011). Therefore, Mr. Petrosyants belongs in criminal history category I.

[2] I object to the Guidelines calculation in the PSR at ¶ 45 which estimates that the amount of funds involved in the offense corresponds to an increase of 22 levels instead of 14 as set forth in the Plea Agreement. I note that the Probation Department recommends a sentence of 48 months.

ALAN S. FUTERFAS
Hon. Frederic Block
June 22, 2015
Page 3

involves neither violence nor financial loss to anyone. The funds to which Mr. Petrosyants is held accountable - $667,446.08 – is significantly less than the amount of funds for which Belair Payroll, a coconspirator, was held accountable ($3,367,620.07). Finally, we note that this Court has already sentenced Robert Petrosyants -- Zhan's twin brother and codefendant -- to a period of incarceration of 6 months, a determination significantly below the parties' agreed-upon guideline range of 41-51 months. The government has recognized that the evidence in this case showed Zhan Petrosyants to be less culpable than his brother -- a fact reflected in the lower offense level calculation contained in the Plea Agreement.

A native of Turkmenistan, Mr. Petrosyants, now 32, arrived in this county in 1996 with his brother Robert and his mother. Having all been persecuted as Christians in their homeland, each of them subsequently sought political asylum here.[3] Mr. Petrosyants' sister, Nonna, arrived in 1999. Zhan Petrosyants is a loving husband to his common-law wife, Julie Laenkova, with whom he is the father of three very young children. Since 2012, he has managed Woodland NYC, a Brooklyn restaurant where Robert also works. Since 2014, Mr. Petrosyants has also earned a living by providing consulting services in restaurant management for clients in the restaurant industry. As the attached letters of support demonstrate, Mr. Petrosyants is a diligent worker, a dedicated husband and father to his wife and children, and a source of continued support to his mother, sister and her daughter. (The letters of support are attached hereto.) Akiva Ofshtein, Mr. Petrosyants' employer at Woodland, describes his work ethic and dedication as follows:

> A few years ago I decided to open a restaurant which became operational in May of 2012. I initially relied on consultants and managers to run the business, but it remained in the red. I quickly realized I needed someone trustworthy to manage the business, especially nights and weekends. I hired Zhan as the night manager and he has fit in perfectly. He tirelessly works late hours, including weekend nights to 5 am. He oversees all closings transactions, private parties and expedites in the kitchen when needed. His devotion to the success of the business is extraordinary. He takes a lot of pride in the work he does and has earned respect from me, the employees and our regular clients.

For all of the foregoing reasons, and those indicated in the accompanying letters of support, I respectfully request a lenient sentence for Mr. Petrosyants so that he can continue to work and support his family. I submit that such a sentence would be reasonable and no greater than necessary to accomplish the goals of sentencing in this case.

---

[3] Mr. Petrosyants is legally in this country with a pending a naturalization application. However, his immigration status may make him ineligible for early release to a halfway house or credit for a drug/alcohol program. In addition, he may be transferred to an immigration facility to await a determination of whether the instant offense is deemed a removable offense.

ALAN S. FUTERFAS
Hon. Frederic Block
June 22, 2015
Page 4

    Thank you for your consideration in this matter.

                                    Respectfully yours,

                                    Alan S. Futerfas

Enc.

## OFSHTEIN LAW FIRM, P.C.
1723 East 12th Street, 4th Floor
Brooklyn, New York 11229
T. (718) 455 5252    F. (718) 455 5255

June 16, 2015

Honorable Frederic Block
United Stated District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Zhan Petrosyants

Honorable Judge Block:

      I write this letter in support of Zhan. I have known him for approximately nine years. We first met because his twin brother sought help for civil legal matters. Ultimately Zhan has become a friend.

      I witnessed his marriage to Julia and the birth of his beautiful three children. I see him as a loving husband, father and family man; doing his utmost best to support them.

      A few years ago I decided to open a restaurant which became operational in May of 2012. I initially relied on consultants and managers to run the business, but it remained in the red. I quickly realized I needed someone trustworthy to manage the business, especially nights and weekends. I hired Zhan as the night manager and he has fit in perfectly. He tirelessly works late hours, including weekend nights to 5 am. He oversees all closings transactions, private parties and expedites in the kitchen when needed. His devotion to the success of the business is extraordinary. He takes a lot of pride in the work he does and has earned respect from me, the employees and our regular clients.

      I was extremely disappointed and saddened after his arrest. But based on our business and personal interactions, I know he is a good man. He understands his mistakes and is extremely regretful that his actions have affected his family and future. I know these issues weigh heavily on his soul for a long time now. That in itself is a self punishment that the Government could never enact upon him.

      From my individual insight, I hope I have conveyed my belief in Zhan's contrition upon your Honor. I respectfully and sincerely request that your Honor show the maximum leniency in his sentencing proceedings. Too many people would be crushed by his absence, especially his growing young children.

      Respectfully and sincerely yours,

Akiva Ofshtein, Esq.

Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Block:

I am writing to you regarding mypartner,Zhan Petrosyants, a defendant who will be sentenced soon. I know he has admitted to a crime and faces several years in prison.This is his first time offence. The reason for this letter is to show you how good a person he is so, I hope, you can see that sending him away will do more harmfor people then good.

Since the day I met Zhan in 2008, he has been nothing but a sweet, honest and lovingpartner to me and, later,a father for our 3 beautiful children who love him dearly. They are alllessthen5 years old. Zhan is the type of man that I can always depend on any time when I need help. He would do anything for anyone, especially for our kids who are his number one priority. Family is the most important thing for him. Since he lost his father so early in his life, his priority is for our kids to have a proper upbringing and most importantly be a father figure that our kids can depend on at any momentin their lives. He also involved in our community.He and the restaurant are involved in charities and donations for people in need. For example, for the Thanksgiving Day, they donate turkeys for the shelters and people in need.Zhan tries to help and do as much as he can for people who struggles and for them to have at leasta great holiday despite their financial and other life difficulties they facing.

There is so much going on in his life that extended jail time would only further bring him down and all the people around him. My whole family -- including me and our 3 kids, his mom, sister and her daughter -- who he support finantiallyall depend on him. Zhan needs to be there for all of us, especially for our kids. Sending him to prison will harm more than it will help. He fully understands his wrongdoing. That's why he admitted it in court.

I know that whatever he has done is not the example that he wants our kids to follow. Unfortunately he can't go back in time and reverse all he has done. But I knowhe feels very sorry for hisbad judgment and will never let it happen again.

I would like to ask you to consider all of this when it comes to his sentence,and we will gratefully acceptyour final decision. Thank you for taking the time to hear my thoughts.

*Julie Laenkova*
Julie Laenkova

**Nonna Badalova, M.D.**
2662 West 2nd Street, apt.2B
Brooklyn, NY 11223

**Honorable Frederic Block**
United Stated District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Zhan Petrosyants

Honorable Judge Block:
I write this letter in support of my lovely brother Zhan.
By keep in mind that "Actions speak louder then words" I'll bring a few episodes from our life in the US.
1. After sudden death of our father in 2003 Zhan completely provided us with strong support and found a solution of whole problems which allowed us to survive.
2. Because of his strong support and his belief in me, I had opportunity to be engaged in library for 10-12 hours without worrying about us, our mother because he assumed everything, and as a result I successfully passed all necessary steps to become american physician.
3. During my pregnancy Zhan accompanied me on all main doctor's visits. Also, he took us from the hospital in 2006 after give birth of my child.
4. In 2008 Zhan with his wife Julia was become God parents of my daughter Nicole, and several months later Nicole was diagnosed by Autism. In two years after diagnosis my husband fail to live with a sick child left us and moved to other state then we divorced. Being a pediatrician, I understood my desperate situation, where Family support play a main role in management of child with ASD I was't alone because of him.
5. I won't forget that evening when he came to my home, gave a big hug and said in low tones: " I am her father and I will make everything depending on me, to make you happy". I felt Blessed.
I am happy to have such brother as Zhan. He is very faithful and responsible person in the world.

I was shocked with his arrest, my world failed...I know him better then someone else and pretty sure that Zhan is deeply regretful that his actions have affected our big family and his future. Your Honor, my heart and prayers go out to you in rendering your decision. Thank you for taking the time to read my thoughts on this matter. I sincerely appreciate your consideration.
Truly yours,
Nonna Badalova